1   LATHAM & WATKINS LLP
        Charles W. Cox (Bar No. 162854)
2           chuck.cox@lw.com
        Ryan D. White (Bar No. 255201)
3           ryan.white@lw.com
    355 South Grand Avenue
4   Los Angeles, California 90071-1560
    Telephone:  (213) 485-1234
5   Facsimile:  (213) 891-8763

6   LATHAM & WATKINS LLP
        David M. Friedman (Bar No. 209214)
7           david.friedman@lw.com
    505 Montgomery Street, Suite 2000
8   San Francisco, CA 94111
    Telephone:   (415) 391-0600
9   Facsimile:   (415) 395-8095

10  Attorneys for Specially Appearing Nominal
    Defendant, The Cooper Companies, Inc.

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                  SOUTHERN DIVISION

15

16  IN RE:  COOPER COMPANIES, INC.        Master File:
    DERIVATIVE LITIGATION                 Case No. SACV 06 00300 CJC (RNB)
17                                         [This Document Relates to All Actions]

18                                         **STIPULATION OF SETTLEMENT**

19
                                           Judge:    Honorable Cormac J. Carney
20                                         Room:     9B

21                                         _____

22

23

24

25

26

27

28

SF\791867.2

1        This Stipulation of Settlement dated December 6, 2010 (the "Stipulation"),

2   is made and entered into by and among the following Settling Parties:  (i) the

3   Plaintiffs (on behalf of themselves and derivatively on behalf of The Cooper

4   Companies, Inc.), by and through their counsel in the Actions; (ii) the Individual

5   Defendants, by and through their counsel in the Actions; and (iii) nominal

6   defendant The Cooper Companies, Inc. ("Cooper" or the "Company").  This

7   Stipulation is intended by the Settling Parties to fully, finally and forever resolve,

8   discharge and settle the Released Claims, upon and subject to the terms and

9   conditions hereof.  Capitalized terms not otherwise defined shall have the

10  definitions set forth in §1.1 – 1.21 below.

11  **<u>PROCEDURAL HISTORY</u>**

12       On March 17, 2006, a shareholder derivative complaint captioned *Brice v.*

13  *Bender et al.*, was filed in the United States District Court for the Central District

14  of California alleging causes of action for breach of fiduciary duty, unjust

15  enrichment, and other related causes of action against the Individual Defendants.

16  Similar shareholder derivative complaints were filed in the same court on May 2,

17  2006 (*Operman v. Bender et al.*), May 11, 2006 (*Kromer IV v. Bender, et al.*), and

18  May 30, 2006 (*Keren Hachesed Student Aid Fund v. Bender, et al.*).  The *Brice*,

19  *Operman*, *Kromer IV*, and *Keren Hachesed Student Aid Fund* actions were

20  consolidated by the Federal Court in an order dated July 27, 2006, and the

21  consolidated action was captioned *In re Cooper Companies, Inc. Derivative*

22  *Litigation*.

23       On July 21, 2006, Cooper moved to stay the Federal Action, or alternatively

24  to stay discovery in favor of a related securities class action pending in Federal

25  Court captioned *In re Cooper Companies, Inc. Securities Litigation*, Case No.

26  SACV 06-00169 CJC (RNBx) (the "Class Action").  On August 28, 2006, the

27  Court denied the motion to stay, without prejudice, pending the filing of a

28  consolidated amended derivative complaint.

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1    On September 11, 2006, the plaintiffs in the Federal Action filed a

2    consolidated amended derivative complaint.  The consolidated complaint alleges

3    that the Individual Defendants made material misstatements concerning the

4    Company's product lines and the Company's financial projections.  The

5    consolidated complaint also alleges that the Individual Defendants permitted the

6    Company to improperly account for assets acquired in its January 2005 merger

7    with Ocular Sciences, Inc. by allocating $100 million of acquired customer

8    relationships and manufacturing technology to goodwill instead of to intangible

9    assets other than goodwill and that the Individual Defendants failed to establish

10   appropriate internal controls.  Plaintiffs also allege that many of the Individual

11   Defendants also engaged in impermissible insider trading.

12   Cooper filed another motion to stay the Federal Action on October 16, 2006.

13   By order dated November 7, 2006, the Court stayed discovery in the Federal

14   Action.  Pursuant to a series of stipulated Orders, Defendants' responses to the

15   consolidated complaint were continued.

16   On March 20, 2006, a shareholder derivative complaint arising out of the

17   same facts as the Federal Action, captioned *Kotzun v. Bender et al.*, was filed in the

18   California Superior Court for the County of Alameda.  Similar stockholder

19   derivative complaints were filed in the same court on March 22, 2006 (*Brown v.*

20   *Bender et al.*), March 29, 2006 (*Operman v. Bender et al.*), and April 26, 2006

21   (*Wachs v.* Bender).  The *Operman* state court action was dismissed on May 17,

22   2006.  The *Kotzun, Brown,* and *Wachs* actions were consolidated under the caption

23   *In re Cooper Companies, Inc. Shareholder Derivative Litigation* by the State Court

24   in an order dated November 1, 2006.  Plaintiffs in the State Action filed a

25   consolidated amended complaint on September 16, 2006 ("State Amended

26   Complaint").  After briefing and oral argument, the State Court ordered the State

27   Action stayed pending the resolution of the Federal Action.

28

1    Beginning in August 2009, the parties engaged in substantive settlement

2  negotiations with the assistance of a mediator, the Honorable Layn R. Phillips (ret),

3  a former United States District Judge.  Counsel for certain of the parties met in

4  person with Judge Phillips on August 28, 2009 and on April 26, 2010, and held

5  numerous discussions thereafter.

6  **PLAINTIFFS' INVESTIGATION AND RESEARCH OF THE CLAIMS IN**

7  **THE ACTIONS**

8    Plaintiffs' Counsel believe that they have conducted an extensive

9  investigation during the development, prosecution, and settlement of the Actions.

10  This investigation has included, *inter alia*, (i) inspecting, reviewing and analyzing

11  the Company's public filings; (ii) preparing detailed amended complaints; (iii)

12  performing statistical analyses of the insider sales challenged in the Actions; (iv)

13  researching the applicable law with respect to the claims asserted in the Actions

14  and the potential defenses thereto (v) researching corporate governance issues; (vi)

15  preparing mediation materials, (vii) reviewing and analyzing the court filings in the

16  Class Action; and (viii) attending formal mediation and participating in numerous

17  telephonic meetings with Defendants' counsel and Judge Phillips.

18  **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

19    Each Defendant has denied and continues to deny each and all of the claims

20  and contentions alleged in the Actions.  Each Defendant expressly has denied and

21  continues to deny all charges of wrongdoing or liability arising out of or relating in

22  any way to the events, conduct, statements, acts or omissions alleged, or that could

23  have been alleged, in the Actions, and Defendants contend that many of the factual

24  allegations in the Actions are materially inaccurate.  The Individual Defendants

25  also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs,

26  Cooper or its stockholders have suffered damage, or that the Plaintiffs, Cooper or

27  its stockholders have been harmed in any way by the conduct alleged in the

28  Actions or otherwise.  The Individual Defendants have further asserted that at all

1   times, they acted in good faith, and in a manner they reasonably believed to be and

2   that was in the best interests of Cooper and its stockholders.  Pursuant to the terms

3   set forth below, this Stipulation shall in no event be construed as or deemed to be

4   evidence of an admission or concession by Defendants with respect to any claim of

5   any fault, liability, wrongdoing, or damage whatsoever.

6          Nonetheless, the Defendants have concluded that further defense of the

7   Actions would be protracted and expensive, and that it is desirable that the Actions

8   be fully and finally settled in the manner and upon the terms and conditions set

9   forth in this Stipulation.  The Defendants also have taken into account the

10   uncertainty and risks inherent in any litigation, especially in complex cases like the

11   Actions. The Defendants are entering into this Stipulation because the proposed

12   settlement would eliminate the burden and expense of further litigation, and

13   because the settlement provides substantial benefits and is in the best interests of

14   Cooper and its stockholders.

15   **PLAINTIFFS' CLAIMS AND THE BENEFITS OF THE SETTLEMENT**

16          The Plaintiffs believe that the claims asserted in the Actions have merit.

17   However, the Plaintiffs recognize and acknowledge the expense and length of

18   continued legal proceedings necessary to prosecute the Actions through trial and

19   the appeals process.  Plaintiffs' Counsel have taken into account the uncertain

20   outcome and the risk of any litigation, especially in complex litigations such as the

21   Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs'

22   Counsel also are mindful of the problems of proof and possible defenses to the

23   claims asserted in the Actions.  Plaintiffs' Counsel believe that the settlement set

24   forth in this Stipulation confers substantial benefits upon Cooper and its

25   stockholders.  Based upon their evaluation, Plaintiffs have determined that the

26   settlement set forth in this Stipulation is in the best interests of the Plaintiffs,

27   Cooper and its stockholders.

28

## TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and derivatively on behalf of Cooper) and the Defendants, by and through their respective counsel, that, subject to all necessary court approvals, and in exchange for the Corporate Governance Measures, as set forth below, the Actions and the Released Claims shall be fully, finally and forever compromised, settled and released, and the Actions shall be dismissed with prejudice and with full preclusive effect as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

**1.    Definitions**

As used in this Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the settlement set forth in this Stipulation, the definition set forth below shall control.

1.1    "Actions" means the Federal Action and the State Action.

1.2    "Cooper" or the "Company" means Nominal Defendant The Cooper Companies, Inc.

1.3    "Corporate Governance Measures" means the corporate governance measures that the Company has agreed to implement and/or maintain in connection with the settlement of the Actions, as specified in ¶ 2 below.

1.4    "Defendants" means the Individual Defendants and nominal defendant Cooper.

1.5    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 hereof have occurred or have been met.

1.6    "Federal Action" means the consolidated stockholder derivative action filed in the United States District Court for the Central District of California, captioned, *In re Cooper Companies, Inc. Shareholder*

1    *Derivative Litigation*, Case No. SACV06-300 (CJC), including the

2    consolidated cases *Brice v. Bender, et al.*, Case No. SACV 06-300;

3    *Operman v. Bender, et al.*, Case No. SACV 06-434; *Kromer IV v.*

4    *Bender, et al.*, Case No. SACV 06-471; and *Keren Hachesed Student*

5    *Aid Fund v. Bender et al.*, Case No. SACV 06-508.

6    1.7    "Federal Co-Lead Counsel" means Schubert Jonckheer & Kolbe LLP

7    and Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.

8    1.8    "Federal Court" means the United States District Court for the Central

9    District of California, Southern Division.

10   1.9    "Final" means, with respect to any order of court, including, without

11   limitation, the Judgment, that such order represents a final and binding

12   determination of all issues within its scope and is not subject to further

13   review on appeal or otherwise.  Without limitation, an order becomes

14   "Final" when: (a) no appeal has been filed and the prescribed time for

15   commencing any appeal has expired; or (b) an appeal has been filed

16   and either (i) the appeal has been dismissed and the prescribed time, if

17   any, for commencing any further appeal has expired, or (ii) the order

18   has been affirmed in its entirety and the prescribed time, if any, for

19   commencing any further appeal has expired.  For purposes of this

20   paragraph, an "appeal" includes appeals as of right, discretionary

21   appeals, interlocutory appeals, proceedings involving writs of

22   certiorari or mandamus, and any other proceedings of like kind.  Any

23   appeal or other proceeding pertaining to any order issued in respect of

24   an application for attorneys' fees and expenses shall not in any way

25   delay or preclude the Judgment from becoming Final

26   1.10   "Individual Defendants" means B. Norris Battin, A. Thomas Bender,

27   John J. Calcagno, Edgar J. Cummins, John D. Fruth, Gregory A.

28   Fryling, Michael H. Kalkstein, Carol R. Kaufman, Jody S. Lindell,

1   Moses Marx, Steven M. Neil, Jeffrey Alan McLean, Nicholas J.

2   Pichotta, Donald J. Press, Paul L. Remmell, Steven Rosenberg, Allan

3   E. Rubenstein, Robert S. Weiss and Stanley Zinberg.

4   1.11   "Judgment" means the judgment to be entered by the Federal Court, in

5   the form attached hereto as Exhibit B.

6   1.12   "Notice" means that notice of the settlement to be provided to the

7   Company's stockholders, in a form and manner referenced in ¶ 3.2

8   hereof, approved by the Federal Court, and which is consistent with

9   the requirements of Federal Rule of Civil Procedure 23.1.

10  1.13   "Person" means an individual, corporation, limited liability company,

11  professional corporation, partnership, limited partnership, limited

12  liability partnership, association, joint stock company, estate, legal

13  representative, trust, unincorporated association, government or any

14  political subdivision or agency thereof, and any business or legal

15  entity and their spouses, heirs, predecessors, successors, parents,

16  subsidiaries, representatives, or assignees of any of the foregoing.

17  1.14   "Plaintiffs" means Eben Brice, John Brown, Keren Hachesed Student

18  Aid Fund, John Kotzun, Philip F. Kromer IV, Joseph Operman, and

19  Leslie R. Wachs.

20  1.15   "Plaintiffs' Counsel" means counsel who have appeared on behalf of

21  any of the plaintiffs in the Actions.

22  1.16   "Released Claims" shall collectively mean any and all claims for

23  relief (including Unknown Claims as defined in ¶ 1.22 hereof), rights,

24  demands, causes of action, liabilities, debts, obligations, matters,

25  issues and suits of any kind whatsoever, whether known or unknown,

26  contingent or absolute, matured or unmatured, discoverable or

27  undiscoverable, whether or not concealed or hidden, that have been,

28  could or might have been, or in the future might be asserted by

1   Plaintiffs or Cooper's stockholders, in their capacity as Cooper
2   shareholders, or Cooper, based upon, arising out of, or in any way
3   relating to: (a) any mismanagement, misconduct, act, failure to act,
4   omission, statement, concealment, misrepresentation, sale of stock,
5   fact, event, occurrence, violation of law, or other matter set forth,
6   alleged or otherwise referred to in the Actions or the Class Action; (b)
7   the settlement of the Actions, including the payments provided for in
8   ¶ 5 of this Stipulation, and the attorneys' fees, costs, and expenses
9   incurred in defense thereof.  Notwithstanding the foregoing, Released
10  Claims shall not include any claims to enforce the terms of this
11  Stipulation.  In addition, nothing set forth herein shall constitute a
12  release by any Defendant of any insurer, reinsurer, or any other entity
13  contracted or otherwise obligated to provide insurance or
14  indemnification to any of the Released Persons of any claim arising
15  out of the rights, remedies, duties or obligations provided for in any
16  insurance policy or agreement, but the Effective Date shall not be
17  contingent upon the resolution of such claim.  Nothing set forth herein
18  shall constitute a release by or among the Company and the Individual
19  Defendants or Released Persons of the rights and obligations relating
20  to indemnification or advancement of defense costs arising from the
21  Company's or any of its subsidiary's, division's or related or affiliated
22  entity's certificate of incorporation or bylaws, Delaware law, or any
23  indemnification agreement or similar agreement.
24  1.17  "Released Persons" means each and all of Defendants and each and
25  any of Defendants' respective past, present or future directors,
26  officers, employees, partnerships and partners, principals, agents,
27  controlling shareholders, attorneys, accountants, auditors, investment
28  banks and investment bankers, underwriters, advisors, financial

1    advisors, personal or legal representatives, analysts, agents, associates,

2    servants, insurers, co-insurers and reinsurers, predecessors,

3    successors, parents, subsidiaries, divisions, assigns, joint ventures and

4    joint venturers, spouses, heirs, executors, administrators, related or

5    affiliated entities, members of an Individual Defendant's immediate

6    family, any entity in which any Defendant and/or any member(s) of

7    that Defendant's immediate family has or have a controlling interest

8    (directly or indirectly), and any trust of which any Defendant is the

9    settlor or which is for the benefit of any Individual Defendant and/or

10   member(s) of his family, and all other Persons.

11   1.18   "Settling Parties" means, collectively, each of the Defendants, and the

12          Plaintiffs on behalf of themselves, Cooper and its stockholders.

13   1.19   "State Action" means the consolidated stockholder derivative action

14          in the State Court captioned *In re The Cooper Companies, Inc.*

15          *Shareholder Derivative Litigation*, Lead Case No. RG06260748,

16          including the consolidated cases *Brown v. Bender*, Case No.

17          RG06261152, *Kotzun v. Bender*, Case No. RG06260748, and *Wachs*

18          *v. Bender*, Case No. RG06266913.

19   1.20   "State Court" means the Superior Court of California, County of

20          Alameda.

21   1.21   "State Co-Lead Counsel" means Hulett Harper Stewart LLP and The

22          Weiser Law Firm, P.C.

23   1.22   "Unknown Claims" means any Released Claim that Plaintiffs, Cooper

24          or any of Cooper's stockholders do not know or suspect to exist in his,

25          her or its favor at the time of the release of the Released Persons,

26          including claims which, if known by him, her or it, might have

27          affected his, her or its settlement with and release of the Released

28          Persons, or might have affected his, her or its decision not to object to

SF\791867.2

9

1   this settlement.  Unknown Claims include those claims in which some

2   or all of the facts comprising the claim may be suspected, or even

3   undisclosed or hidden.  In this regard, with respect to the Released

4   Claims, the Settling Parties stipulate and agree that, upon the Effective

5   Date, Plaintiffs and Cooper shall expressly waive, and each of

6   Cooper's stockholders shall be deemed to have and by operation of

7   the Judgment shall have expressly waived, the provisions, rights and

8   benefits conferred by § 1542 of the California Civil Code, and by any

9   law of any state or territory of the United States or any other state,

10  sovereign or jurisdiction, or any principle of common or foreign law

11  that is similar, comparable or equivalent to § 1542 of the California

12  Civil Code, which provides:

13  **A general release does not extend to claims which the
    creditor does not know or suspect to exist in his or her
14  favor at the time of executing the release, which if known
    by him or her must have materially affected his or her
15  settlement with the debtor.**

16  The Plaintiffs, Cooper and Cooper's stockholders may hereafter

17  discover facts in addition to or different from those which he, she or it

18  now knows or believes to be true with respect to the subject matter of

19  the Released Claims, but, upon the Effective Date, each Plaintiff and

20  Cooper shall expressly settle and release, and each of Cooper's

21  stockholder shall be deemed to have and by operation of the Judgment

22  shall have fully, finally, and forever settled and released, any and all

23  Released Claims, known or unknown, suspected or unsuspected,

24  contingent or non-contingent, whether or not concealed or hidden, that

25  now exist, or heretofore have existed upon any theory of law or equity

26  now existing or coming into existence in the future, including, but not

27  limited to, conduct that is negligent, intentional, with or without

28

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1    malice, or a breach of any duty, law or rule, without regard to the

2    subsequent discovery or existence of such different or additional facts.

3    The Settling Parties acknowledge, and each of Cooper's stockholders

4    shall be deemed by operation of the Judgment to have acknowledged,

5    that the foregoing waiver was separately bargained for and agreed

6    upon with the express intention of releasing Unknown Claims, and is

7    a key element of the settlement of which this release is a part.

8    **2.**     **Corporate Governance Measures**

9    2.1    To resolve the Actions, Cooper has agreed to implement and/or

10    maintain certain corporate governance measures.  These corporate

11    governance measures constitute the consideration for this Stipulation,

12    and Defendants acknowledge that the pendency and prosecution of the

13    Actions were a substantial cause in the Company's decision to

14    implement and/or maintain the corporate governance measures, and

15    that these corporate governance measures will benefit Cooper and its

16    shareholders.  In no event, however, shall Cooper be obligated to

17    adopt, implement or enforce any measures that, either now or in the

18    future, conflict with or are otherwise inconsistent with the listing

19    requirements of any exchange on which the Company's stock is

20    traded, any regulations of the U.S. Securities and Exchange

21    Commission, or any applicable law, rule, or regulation.  The corporate

22    governance measures are as follows:

23    2.1.1    Cooper will amend its insider trading policy to require: (i)

24    preclearance by a Trading Compliance Officer (or Chief

25    Compliance Officer) of trading in Cooper stock by its

26    directors and Section 16(b) officers and (ii) that the Trading

27    Compliance Officer (or Chief Compliance Officer) report to

28    the Chairman of the Audit Committee on such issues.  These

SF\791867.2

11

1    amendments to the Company's insider trading policy shall be

2    maintained for at least two years after the Effective Date.

3    2.1.2   Cooper will formalize its Corporate Disclosure Committee

4    with a written policy reflecting the duties and responsibilities

5    of the Corporate Disclosure Committee.  The Corporate

6    Disclosure Committee will, among other things, design and

7    establish controls and other procedures that are intended to

8    verify that information provided to the SEC and other

9    information that the Company discloses to the investment

10   community is recorded, processed, summarized and reported

11   accurately on a timely basis and in compliance with the

12   disclosure requirements of the Company and applicable law.

13   The Corporate Disclosure Committee will also review

14   information that is accumulated and communicated to

15   management, including senior management to allow timely

16   decisions regarding such required disclosure.  The Corporate

17   Disclosure Committee will remain in effect for at least two

18   years after the Effective Date.

19   2.1.3   The positions of Chief Executive Officer and Board Chairman

20   will be held by different persons for a period of at least two

21   years after the Effective Date.  If, during that two year period,

22   the Board Chairman is not an Independent Director (as

23   determined by the Board, and applying the definition of

24   Independent Director set forth by the New York Stock

25   Exchange), an independent director shall serve as Lead

26   Independent Director.

27   2.1.4   For the fiscal years ending in 2011, 2012, and 2013, Cooper

28   will either: (1) outsource the internal audit function to a public

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

accounting firm experienced in the audit of public companies or (2) will have a Director of Internal Audit responsible for the internal audit function.

**3.    Settlement Procedure**

3.1    Promptly after the full execution of this Stipulation, the Plaintiffs shall submit the Stipulation and its Exhibits to the Federal Court and apply for an order substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in this Stipulation (the "Preliminary Approval Order"), approval of notice of the settlement to Cooper's stockholders substantially in the form of Exhibit A-1.  The notice shall describe the terms of the settlement set forth in the Stipulation, a summary of the corporate governance measures, the requested fee and expense award to Plaintiffs' counsel, and the date, time and place of the Settlement Hearing as defined below.

3.2    Within ten business days of the issuance of the preliminary approval order, Cooper shall cause the Notice of Settlement to be (a) filed with the Securities and Exchange Commission on Form 8-K, (b) published once in Investor's Business Daily, and (c) posted to the Investor Relations section of Cooper's website.  This Stipulation shall also be posted to the Investor Relations section of Cooper's website.  All costs incurred in filing and publishing the Notice of Settlement shall be paid by Cooper.

3.3    Plaintiffs shall request that the Federal Court hold a hearing after notice is given (the "Settlement Hearing") for the purpose of seeking approval of the Settlement and approving an award of attorneys fees and expenses to Plaintiffs' Counsel.

3.4     Pending the Effective Date, Plaintiffs and Plaintiffs' Counsel shall not commence or participate in any other actions or proceedings asserting any of the Released Claims, against any of the Released Persons, that are encompassed by the settlement.

3.5     Within five business days of the full execution of this Stipulation, the parties to the State Action shall jointly (i) notify the State Court of the Stipulation and the settlement, and (ii) request that the State Court maintain the present stay of all proceedings in the State Action pending final approval of the settlement.  Within five (5) business days of the entry of the Judgment in the Federal Action, plaintiffs in the State Action shall request that the State Court dismiss with prejudice the State Action.  The Settling Parties shall cooperate with each other and use all reasonable best efforts to effectuate promptly such dismissal with prejudice.

**4.     <u>Releases</u>**

4.1     Upon the Effective Date, the Plaintiffs (acting on their own behalf and derivatively on behalf of Cooper), Cooper, and each of Cooper's stockholders shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, including Unknown Claims, and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.  Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of this Stipulation.

4.2   Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims except to enforce the releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.  Nothing herein shall in any way impair or restrict the rights of the Settling Parties to enforce the terms of this Stipulation.

**5.   Plaintiffs' Counsel's Attorneys' Fees and Expenses**

5.1   Subject to approval of the Federal Court, and as a result of arm's-length negotiations with the assistance of Judge Phillips, an experienced mediator, Defendants have agreed to pay (as set forth in ¶5.2 below) Plaintiffs' Counsel's attorneys' fees and expenses for all of the Actions in an aggregate amount not to exceed $750,000.  This agreement was reached only after the parties had agreed upon the corporate governance measures provided herein.

5.2   On behalf of and for the benefit of Defendants, the Company will wire transfer the sum of $750,000 to Plaintiffs' Counsel within 30 days of the later of the (i) the receipt of satisfactory wiring instructions; and (ii) preliminary approval of the settlement.  Such payment shall be made to Schubert Jonckheer & Kolbe LLP, as receiving agent for all Plaintiffs' Counsel, which shall hold said funds in its client trust account pending court approval of the fee and expense award and agreement as to their allocation as set forth below.

5.3     Schubert Jonckheer & Kolbe LLP, Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A., Hulett Harper Stewart LLP, and The Weiser Law Firm, P.C. shall agree upon the allocation of such fees and expenses to Plaintiffs' Counsel, based upon each counsel's contribution to the initiation, prosecution and/or resolution of the Actions.  The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation of such fees and expenses among Plaintiffs' Counsel.

5.4     In the event that the fee and expense award is reduced, reversed, modified or not approved in the full amount requested, if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final, and in the event that the fee and expense award has been disbursed to any of Plaintiff's Counsel, Schubert Jonckheer & Kolbe LLP shall refund any funds received from Cooper (or such portion as the modification may require) plus interest thereon within (5) business days from said reversal or modification to Cooper.  The interest rate to be paid in the event the fee and expense award must be returned (or such portion as the modification may require) will be in accordance with the Libor, 3-month rate on the date the settlement amount must be returned with interest to begin accruing on the date on which the payment by Cooper is made.  Plaintiffs' Counsel, as a condition of receiving the fee and expense award, on behalf of themselves and each partner and/or shareholder of their respective law firms, agree that each of their respective law firms and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.  Plaintiffs' Counsel shall be jointly and severally liable for repayment of the

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

attorney fee and expense award should the award be reduced, reversed modified, or not approved in the full amount requested, if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final.

5.5    Except as otherwise provided herein, each of the Settling Parties shall bear its own costs and expenses.

**6.    <u>Conditions of Settlement, Effect of Disapproval, Cancellation or Termination</u>**

6.1    The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

    6.1.1    the Federal Court has entered the Preliminary Approval Order, as provided in ¶ 3.1 herein;

    6.1.2    the Federal Court has approved the settlement as described herein, following notice to Cooper's stockholders as provided in ¶ 3.2 herein;

    6.1.3    the Federal Court has entered the Judgment dismissing the Federal Action with prejudice;

    6.1.4    the State Court has dismissed the State Action with prejudice; and

    6.1.5    the State Court dismissal and the Judgment has become Final.

6.2    If any of the conditions specified in ¶ 6.1 are not met, then this Stipulation shall be deemed canceled and terminated unless Plaintiffs' Counsel and counsel for Defendants mutually agree in writing to proceed with this Stipulation.

6.3    If for any reason the Effective Date does not occur, or if this Stipulation shall terminate, or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the

1    event that the settlement as described herein is not approved by the

2    Court or the Judgment is reversed or vacated following any appeal

3    taken therefrom, then the Settling Parties shall be restored to their

4    respective positions as of the date immediately preceding the full

5    execution of this Stipulation.  In such event, with the exception of

6    ¶¶ 1.1-1.22, 5.4, 6.1-6.4, 7.1-7.16 (which shall continue in full force

7    and effect), the terms and provisions of this Stipulation shall be null

8    and void and shall have no further force and effect with respect to the

9    Settling Parties and neither the existence nor the terms of this

10   Stipulation (nor any negotiations preceding this Stipulation nor any

11   acts performed pursuant to, or in furtherance of, this Stipulation) shall

12   be used in the Actions or in any other proceeding for any purpose

13   (other than to enforce the terms remaining in effect); and any

14   Judgment or other order entered in accordance with the terms of this

15   Stipulation shall be treated as vacated, *nunc pro tunc*.

16   6.4   If the Federal Court does not enter the Judgment in the form of

17        Exhibit B hereto, or if the Federal Court enters the Judgment and

18        appellate review is sought and, on such review, the entry of the

19        Judgment is finally vacated, modified, or reversed, then this

20        Stipulation and the settlement incorporated therein shall be cancelled

21        and terminated, unless all parties who are adversely affected thereby,

22        in their sole discretion within thirty days from the date of the mailing

23        of such ruling to such parties, provide written notice to all other

24        parties hereto of their intent to proceed with the settlement under the

25        terms of the Judgment as modified by the Court or on appeal.  Such

26        notice may be provided on behalf of Plaintiffs and Cooper's

27        stockholders by Plaintiffs' Counsel.  No Settling Party shall have any

28        obligation whatsoever to proceed under any terms other than

1    substantially in the form provided and agreed to herein; provided,

2    however, that no order of the Federal Court concerning any fee and

3    expense application, or any modification or reversal on appeal of such

4    order, shall constitute grounds for cancellation or termination of this

5    Stipulation by any Settling Party.  Without limiting the foregoing,

6    Defendants shall have, in their sole and absolute discretion, the option

7    to terminate the settlement in its entirety in the event that the

8    Judgment, upon becoming Final, does not provide for the dismissal

9    with prejudice of the Actions against them, including both the Federal

10   Action and the State Action.

11   **7.**    **<u>Miscellaneous Provisions</u>**

12   7.1    All orders and agreements made during the course of the Actions that

13          relate to the confidentiality of information shall survive this

14          Stipulation.

15   7.2    The Settling Parties (i) acknowledge that it is their intent to

16          consummate this Stipulation; and (ii) agree to cooperate to the extent

17          reasonably necessary to effectuate and implement all terms and

18          conditions of this Stipulation and to exercise their reasonable best

19          efforts to accomplish the foregoing terms and conditions of this

20          Stipulation.

21   7.3    The Settling Parties intend this settlement to be a final and complete

22          resolution of all disputes between them with respect to the Actions.

23          The settlement compromises claims that are contested, and shall not

24          be deemed an admission by any Settling Party as to the merits of any

25          claim, allegation or defense.  The Settling Parties further agree that

26          the claims are being settled voluntarily after consultation with

27          competent legal counsel and an experienced mediator.

28

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

7.4   While Defendants deny that the claims advanced in the Actions are meritorious, Defendants agree that the Actions were filed in accordance with the applicable federal and California rules, including, without limitation, Federal Rule of Civil Procedure 11 and California Code of Civil Procedure § 128.7, and were not filed in bad faith.  The Settling Parties will jointly request that the Judgment contain a finding that during the course of the Actions, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

7.5   Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement: (a) is or may be deemed to be or may be used as a presumption, concession, admission or evidence of the validity of any Released Claim, any allegation made in the Actions, or any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the settlement, and except that the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment

1    bar or reduction or any other theory of claim preclusion or issue

2    preclusion or similar defense or counterclaim.

3    7.6   The Exhibits to this Stipulation are material and integral parts hereof

4          and are fully incorporated herein by this reference.

5    7.7   The Stipulation may be amended or modified only by a written

6          instrument signed by or on behalf of all Settling Parties or their

7          respective successors-in-interest.

8    7.8   This Stipulation and the Exhibits attached hereto constitute the entire

9          agreement among the Settling Parties and no representations,

10         warranties or inducements have been made to any Settling Party

11         concerning the Stipulation or any of its Exhibits other than the

12         representations, warranties and covenants contained and memorialized

13         in such documents. It is understood by the Settling Parties that, except

14         for the matters expressly represented herein, the facts or law with

15         respect to which this Stipulation is entered into may turn out to be

16         other than or different from the facts now known to each party or

17         believed by such party to be true; each party therefore expressly

18         assumes the risk of the facts or law turning out to be so different, and

19         agrees that this Stipulation shall be in all respects effective and not

20         subject to termination by reason of any such different facts or law.

21         Except as otherwise provided herein, each party shall bear its own

22         costs.

23   7.9   In construing the Stipulation, no presumption shall be made against

24         any of the Settling Parties on the basis that it was a drafter of the

25         Stipulation.

26   7.10  Plaintiffs represent and warrant that they have not assigned any rights,

27         claims, or causes of action that were asserted or could have been

28

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1       asserted in connection with, under or arising out of any of the claims

2       being settled or released herein.

3   7.11    Plaintiffs' Counsel are expressly authorized by the Plaintiffs,

4       derivatively on behalf of Cooper, to take all appropriate action

5       required or permitted to be taken pursuant to this Stipulation to

6       effectuate its terms, and also are expressly authorized by the Plaintiffs

7       to enter into any modifications or amendments to this Stipulation

8       which they deem appropriate on behalf of the Plaintiffs.

9   7.12    Each counsel or other Person executing this Stipulation and any

10      documents prepared in furtherance of the Stipulation on behalf of any

11      Settling Party hereby warrants that such Person has the full authority

12      to do so.

13  7.13    The Stipulation may be executed in one or more counterparts.  All

14      executed counterparts and each of them shall be deemed to be one and

15      the same instrument.  A complete set of counterparts, either originally

16      executed or copies thereof, shall be filed with the Court.

17  7.14    The Stipulation shall be binding upon, and inure to the benefit of, the

18      successors and assigns of the Settling Parties and the Released

19      Persons.  Notwithstanding the foregoing, the Corporate Governance

20      Measures shall not bind any successor entity in the event that the

21      Company merges with or is acquired by such entity, and the Company

22      is not the surviving entity post-merger or acquisition.

23  7.15    The Court shall retain jurisdiction with respect to implementation and

24      enforcement of the terms of this Stipulation, and the Settling Parties

25      submit to the jurisdiction of the Court for purposes of implementing

26      and enforcing the settlement embodied in this Stipulation.

27  7.16    The Stipulation and the Exhibits attached hereto shall be considered to

28      have been negotiated, executed and delivered, and to be wholly

1   performed, in the State of California, and the rights and obligations of

2   the parties to the Stipulation shall be construed and enforced in

3   accordance with, and governed by, the internal, substantive laws of

4   the State of California without giving effect to that State's choice-of-

5   law principles.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation

2   to be executed by their duly authorized attorneys.

3

4   Dated:  December 6, 2010          SCHUBERT JONCKHEER  & KOLBE LLP

5

6                                     By _____ by wFJ w/ perm.
                                          Robert C. Schubert
7                                         Co-Lead Counsel for Federal Plaintiffs

8   Dated:  December 6, 2010          CLIMACO, WILCOX, PECA,
                                      TARANTINO & GARAFOLI CO., LPA
9

10                                    By _____ by wFJ w/ perm.
                                          Scott Simpkins
11                                        Co-Lead Counsel for Federal Plaintiffs

12

13  Dated:  December 6, 2010          HULETT HARPER STEWART LLP

14

15                                    By _____ by wFJ w/ perm.
                                          Blake M. Harper
16                                        Co-Lead Counsel for State Plaintiffs

17  Dated:  December 6, 2010          THE WEISER LAW FIRM, P.C.

18

19                                    By _____ by wFJ w/ perm.
                                          Kathleen A. Herkenhoff
20                                        Co-Lead Counsel for State Plaintiffs

21  Dated:  December 6, 2010          LATHAM & WATKINS LLP

22

23                                    By _____
                                          David M. Friedman
24                                        Attorneys for Specially Appearing
                                          Nominal Defendant, The Cooper
25                                        Companies, Inc.

26

27

28

SF\791867.2

24

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1        IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation

2    to be executed by their duly authorized attorneys.

3

4    Dated:  December 6, 2010          SCHUBERT JONCKHEER  & KOLBE LLP

5

6                                      By _____

7                                         Robert C. Schubert
                                          Co-Lead Counsel for Federal Plaintiffs

8    Dated:  December 6, 2010          CLIMACO, WILCOX, PECA,
                                       TARANTINO & GARAFOLI CO., LPA

9

10

11                                     By _____

12                                     Co-Lead Counsel for Federal Plaintiffs

13   Dated:  December 6, 2010          HULETT HARPER STEWART LLP

14

15                                     By _____
                                          Blake M. Harper

16                                     Co-Lead Counsel for State Plaintiffs

17   Dated:  December 6, 2010          THE WEISER LAW FIRM, P.C.

18

19                                     By _____
                                          Kathleen A. Herkenhoff

20                                     Co-Lead Counsel for State Plaintiffs

21   Dated:  December 6, 2010          LATHAM & WATKINS LLP

22

23                                     By _____
                                          David M. Friedman

24                                     Attorneys for Specially Appearing
                                       Nominal Defendant, The Cooper

25                                     Companies, Inc.

26

27

28

1    Dated:  December 6, 2010            KATTEN MUCHIN ROSENMAN LLP

2

3                                        By _____
                                              Richard H. Zelichov
4                                        Attorneys for Defendants John D. Fruth
                                         and Edgar Cummins
5

6    Dated:  December 6, 2010            MORRISON & FOERSTER LLP

7

8                                        By _____
                                              Judson E. Lobdell
9                                        Attorneys for Defendants B. Norris Battin,
                                         A. Thomas Bender, John J. Calcagno,
10                                       Gregory A. Fryling, Michael H. Kalkstein,
                                         Carol R. Kaufman, Jody S. Lindell, Moses
11                                       Marx, Jeffrey Alan McLean, Steven M.
                                         Neil, Nicholas J. Pichotta, Donald J. Press,
12                                       Paul L. Remmell, Steven Rosenberg, Allan
                                         E. Rubenstein, Robert S. Weiss and Stanley
13                                       Zinberg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1   Dated:  December 6, 2010          KATTEN MUCHIN ROSENMAN LLP

2

3                                     By _____

4                                         Richard H. Zelichov
                                      Attorneys for Defendants John D. Fruth
                                      and Edgar Cummins

5

6   Dated:  December 6, 2010          MORRISON & FOERSTER LLP

7

8                                     By _____
                                          Judson E. Lobdell

9                                     Attorneys for Defendants B. Norris Battin,
                                      A. Thomas Bender, John J. Calcagno,

10                                    Gregory A. Fryling, Michael H. Kalkstein,
                                      Carol R. Kaufman, Jody S. Lindell, Moses

11                                    Marx, Jeffrey Alan McLean, Steven M.
                                      Neil, Nicholas J. Pichotta, Donald J. Press,

12                                    Paul L. Remmell, Steven Rosenberg, Allan
                                      E. Rubenstein, Robert S. Weiss and Stanley

13                                    Zinberg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF\791867.2

STIPULATION OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  COOPER COMPANIES, INC. DERIVATIVE LITIGATION | Master File: Case No. SACV 06 00300 CJC (RNB) [This Document Relates to All Actions] |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |
| | **Exhibit A** |
| | Hearing Date: Judge: Honorable Cormac J. Carney |

1    WHEREAS, plaintiffs have made application, pursuant to Federal Rule of
2    Civil Procedure 23.1, for an order (i) preliminarily approving the settlement (the
3    "Settlement") of the Actions, in accordance with a Stipulation of Settlement dated
4    December 6, 2010 (the "Stipulation"), which, together with the Exhibits annexed
5    thereto, sets forth the terms and conditions for a proposed Settlement and dismissal
6    of the Actions with prejudice, upon the terms and conditions set forth therein; and
7    (ii) approving for distribution the Notice of Proposed Settlement ("Notice"); and

8    WHEREAS, all capitalized terms contained herein shall have the same
9    meanings as set forth in the Stipulation (in addition to those capitalized terms
10   defined herein); and

11   WHEREAS, the Court having considered the Stipulation and the Exhibits
12   annexed thereto, and having heard the arguments of the Settling Parties at the
13   preliminary approval hearing:

14   NOW THEREFORE, IT IS HEREBY ORDERED:

15   1.    The Court does hereby preliminarily approve, subject to further
16   consideration at the Settlement Hearing described below, the Stipulation and the
17   Settlement set forth therein, including the terms and conditions for settlement and
18   dismissal with prejudice of the Actions.

19   2.    A hearing (the "Settlement Hearing") shall be held before this Court
20   on _____, 2011, at _____ __.m., at the United States District Court, Central
21   District, Santa Ana Division (the "Court"), 411 West Fourth Street, Santa Ana,
22   California, to determine whether the Settlement of the Actions on the terms and
23   conditions provided for in the Stipulation is fair, reasonable and adequate to
24   current Cooper shareholders as of December 6, 2010 and to Cooper and should be
25   approved by the Court; whether a Judgment as provided in ¶ 1.11 of the Stipulation
26   should be entered herein, and to award attorneys' fees and expenses to Plaintiffs'
27   Counsel.

28

1        3.    The Court approves, as to form and content, the Notice annexed as

2    Exhibits A-1, and finds that the distribution of the Notice substantially in the

3    manner and form set forth in this Order, meets the requirements of Federal Rule of

4    Civil Procedure 23.1 and due process, and is the best notice practicable under the

5    circumstances and shall constitute due and sufficient notice to all Persons entitled

6    thereto.  All costs incurred in connection with the distribution of Notice shall be

7    paid by Cooper

8        4.    Not later than ten (10) calendar days following entry of this Order,

9    Defendants shall cause a copy of the Notice substantially in the form annexed as

10   Exhibit A-1 hereto to be filed with the U.S. Securities and Exchange Commission

11   as a filing on Form 8-K.

12       5.    Not later than ten (10) calendar days following entry of this Order,

13   Defendants shall cause a copy of the Stipulation and the Notice substantially in the

14   form annexed as Exhibit A-1 hereto to be posted on the Investor Relations or

15   comparable section of the Company's website, at least through the date of the

16   Settlement Hearing.

17       6.    Not later than ten (10) calendar days following entry of this Order,

18   Defendants shall cause a copy of the Notice to be published once in the national

19   edition of *Investor's Business Daily*.

20       7.    At least seven (7) calendar days prior to the Settlement Hearing,

21   counsel for Nominal Defendant The Cooper Companies, Inc. shall serve on

22   counsel for the Plaintiffs and file with the Court proof, by affidavit or declaration,

23   of such filing, posting and publication.

24       8.    All current Cooper shareholders shall be subject to and bound by the

25   provisions of the Stipulation and the releases contained therein, and by all orders,

26   determinations and judgments, including the Judgment, in the Actions concerning

27   the Settlement, whether favorable or unfavorable to current Cooper shareholders or

28   Cooper.

9.     Pending final determination of whether the Settlement should be approved, no current Cooper shareholder, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Released   Persons, any action or proceeding in any court, administrative agency, or other tribunal asserting any of the Released Claims.

10.    All filings in support of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing and any reply briefs will be filed seven (7) calendar days prior to the Settlement Hearing.

11.    Any current Cooper shareholder as of December 6, 2010, the date of the Stipulation, may but is not required to, appear and show cause, if he, she or it has any reason why the Settlement of the Actions should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel; provided, however, unless otherwise ordered by the Court, no current Cooper shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel unless that Person has, at least fourteen (14) calendar days prior to the Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof:

*Co-Lead Plaintiffs Counsel*

Robert C. Schubert
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA  94111

1

***Co-Lead Counsel for State Plaintiffs***

2

Blake Harper

3

HULETT HARPER STEWART LLP
525 B Street, Suite 760

4

San Diego, CA 92101

5

***Counsel for The Cooper Companies, Inc.***

6

David M. Friedman

7

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000

8

San Francisco, CA 94111

9

10   The written objections and copies of any papers and briefs in support thereof to be

11   filed in Court shall be delivered by hand or sent by first class mail to:

12

Clerk of the Court

13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

14

411 West Fourth Street

15

Santa Ana, CA  92701

16

17   Any current Cooper shareholder as defined herein who does not make his, her or

18   its objection in the manner provided herein shall be deemed to have waived such

19   objection and shall forever be foreclosed from making any objection to the

20   fairness, reasonableness or adequacy of the Settlement as incorporated in the

21   Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' Counsel,

22   unless otherwise ordered by the Court, but shall otherwise be bound by the

23   Judgment to be entered and the releases to be given.

24        12.    Neither the Stipulation nor the Settlement, nor any act performed or

25   document executed pursuant to or in furtherance of the Stipulation or the

26   Settlement: (a) is or may be deemed to be or may be offered, attempted to be

27   offered or used in any way by the Settling Parties as a presumption, a concession

28   or an admission of, or evidence of any fault, wrongdoing or liability of the

1   Released Persons or of the validity of any Released Claims; or (b) is intended by
2   the Settling Parties to be offered or received as evidence or used by any other
3   person in any other actions or proceedings, whether civil, criminal or
4   administrative.  The Released Persons may file the Stipulation and/or the Judgment
5   in any action that may be brought against them in order to support a defense or
6   counterclaim based on principles of *res judicata*, collateral estoppel, full faith and
7   credit, release, good faith settlement, judgment bar or reduction or any other theory
8   of claim preclusion or issue preclusion or similar defense or counterclaim.

9       13.    The Court may adjourn the date of the Settlement Hearing or modify
10  any other dates set forth herein without further notice to current Cooper
11  shareholders, and retains jurisdiction to consider all further applications arising out
12  of or connected with the Settlement.  The Court may approve the Settlement, with
13  such modifications as may be agreed to by the Settling Parties, if appropriate,
14  without further notice to current Cooper shareholders.

15

16  DATED: _____

17                                          _____
                                                 _____
18                                          _____
19                                          THE HONORABLE CORMAC J. CARNEY
                                            UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

IN RE:  COOPER COMPANIES, INC.
DERIVATIVE LITIGATION

Master File:
Case No. SACV 06 00300 CJC (RNB)
[This Document Relates to All Actions]

**NOTICE OF SETTLEMENT**

**Exhibit A-1**

SF\774742.4

NOTICE OF SETTLEMENT
CASE NO. SACV 06-00300 CJC (RNB)

1  **TO:   ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS**
2  **OF COMMON STOCK OF THE COOPER COMPANIES, INC.**
   **("COOPER" OR THE "COMPANY") AS OF DECEMBER 6, 2010**

3     PLEASE TAKE NOTICE that the above-captioned shareholder derivative

4  litigation (the "Federal Action"), as well as the consolidated shareholder derivative

5  action in Alameda County Superior Court entitled *In re Cooper Companies, Inc.*

6  *Shareholder Derivative Litigation*, Case No. RG06260748 (the "State Action")

7  (collectively, the "Actions"), are being settled on the terms set forth in a

8  Stipulation of Settlement dated December 6, 2010 (the "Stipulation").[1]

9     In the Actions, plaintiffs allege that certain officers and/or directors of The

10  Cooper Companies, Inc. ("Cooper" or "the Company") breached their fiduciary

11  duties to the Company by making material misstatements regarding the Company's

12  product lines and financial projections, failing to establish adequate internal

13  controls, and engaging in impermissible insider trading.   The terms of the

14  settlement set forth in the Stipulation (the "Settlement") include: (1) the adoption,

15  implementation, amendments, and/or maintenance of enhanced corporate

16  governance measures at the Company relating to board membership, corporate

17  disclosures, internal audit, and the Company's insider trading policy; and (2)

18  Cooper's agreement to pay an amount not to exceed $750,000 in cash for

19  Plaintiffs' Counsel's attorneys' fees and expenses.

20     IF YOU ARE A CURRENT RECORD OR BENEFICIAL OWNER OF

21  COOPER COMMON STOCK AS OF DECEMBER 6, 2010, PLEASE READ

22  THIS NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS

23  MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.

24

25  [1]  This notice should be read in conjunction with, and is qualified in its entirety by
26  reference to, the text of the Stipulation, which has been filed with the Federal
    Court and posted at http://investor.coopercos.com.  All capitalized terms herein
27  have the same meanings as set forth in the Stipulation (in addition to those
    capitalized terms defined herein).
28

On _____, 2010, at _____   __.m., a hearing (the "Settlement Hearing") will be held before the United States District Court for the Central District of California, Santa Ana Division, 411 Fourth Street, Santa Ana, CA 92701, to determine: (1) whether the terms of the Settlement, including the requested attorneys' fees and expenses, should be approved as fair, reasonable, and adequate; and (2) whether the Actions should be dismissed on the merits and with prejudice.

Any shareholder of Cooper that objects to the Settlement of the Actions shall have a right to appear and to be heard at the Settlement Hearing, provided that he or she was a shareholder of record or beneficial owner as of December 6, 2010. Any shareholder of Cooper who satisfies this requirement may enter an appearance through counsel of such shareholder's own choosing and at such member's own expense or may appear on their own.  However, no shareholder of Cooper shall be heard at the Settlement Hearing unless no later than fourteen (14) days prior to the date of the Settlement Hearing, such shareholder has filed with the Court and delivered to Plaintiffs' Counsel, and Cooper's counsel, a written notice of objection, their ground for opposing the Settlement, and proof of both their status as a shareholder and the dates of stock ownership in Cooper.  Only shareholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

If you wish to object to the Settlement, you must file a written objection setting forth the grounds for such an objection with the Court on or before _____, 2010 with service on the following parties:

### Co-Lead Plaintiffs Counsel

Robert C. Schubert
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA  94111

1

2          ***Co-Lead Counsel for State Plaintiffs***

3          Blake Harper
           HULETT HARPER STEWART LLP
4          525 B Street, Suite 760
5          San Diego, CA 92101

6          ***Counsel for The Cooper  Companies, Inc.***

7          David M. Friedman
           LATHAM & WATKINS LLP
8          505 Montgomery Street, Suite 2000
9          San Francisco, CA 94111

10              Any current Cooper shareholder as of December 6, 2010 who does not make

11      his, her or its objection in the manner provided herein shall be deemed to have

12      waived such objection and shall forever be foreclosed from making any objection

13      to the fairness, reasonableness or adequacy of the Settlement as incorporated in the

14      Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' Counsel,

15      unless otherwise ordered by the Court, but shall otherwise be bound by the

16      Judgment to be entered and the releases to be given.

17              Inquiries regarding the Settlement may be made to counsel for the Federal

18      Plaintiffs: Robert C. Schubert, Schubert Jonckheer & Kolbe LLP, Three

19      Embarcadero Center, Suite 1650, San Francisco, CA 94111; telephone 415-788-

20      4220.

21              **PLEASE DO NOT CONTACT THE COURT REGARDING THIS**

22                                      **NOTICE**

23

24

25      DATED _____, 2010                    BY ORDER OF THE COURT
                                                    UNITED STATES DISTRICT COURT
26                                                  CENTRAL DISTRICT OF
                                                    CALIFORNIA
27

28

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

13

**CENTRAL DISTRICT OF CALIFORNIA**

14

**SOUTHERN DIVISION**

15
16

IN RE:  COOPER COMPANIES, INC.
DERIVATIVE LITIGATION

Master File:
Case No. SACV 06 00300 CJC (RNB)
[This Document Relates to All Actions]

17
18
19

**[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL**

20

**Exhibit B**

21
22
23
24
25
26
27
28

SF\775178.5

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
CASE NO. SACV 06-00300 CJC (RNB)

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2010 ("Preliminary Approval Order"), on the application of the parties for approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement dated December 6, 2010, and the exhibits thereto (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, enters this Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2.    This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the settlement, and over all parties to the Federal Action, including the Plaintiffs, the current The Cooper Companies, Inc. ("Cooper") shareholders as of December 6, 2010 and the Defendants.

3.    The Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.    The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and settlement in all respects, and directs that the settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

SF\775178.5

5.      Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Cooper) and Cooper shall have, and each Cooper shareholder shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged (i) the Released Claims against the Released Persons; and (ii) any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions, against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6.      Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.      The Court finds that the notice given to current Cooper shareholders of the settlement, the Stipulation and the Settlement Hearing was the best notice practicable under the circumstances, and that said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8.      The Court hereby approves a fee award in the amount of $_____ in accordance with the terms of the Stipulation, finds that such fee award is fair and reasonable, and directs said amount to be paid to Plaintiffs' Counsel as provided in the Stipulation.

9.      Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as a

1   presumption, concession, admission or evidence of the validity of any Released

2   Claim, any allegation made in the Actions, or of any wrongdoing or liability of any

3   of the Released Persons; or (b) is or may be deemed to be or may be used as a

4   presumption, concession, admission or evidence of any liability, fault or omission

5   of any of the Released Persons in any civil, criminal, or administrative proceeding

6   in any court, administrative agency, or other tribunal.  Neither the Stipulation nor

7   the settlement, nor any act performed or document executed pursuant to, or in

8   furtherance of the Stipulation or the settlement, shall be admissible in any

9   proceeding for any purpose, except to enforce the terms of the settlement, and

10   except that the Released Persons may file the Stipulation and/or the Judgment in

11   any action that may be brought against them in order to support a defense or

12   counterclaim based on principles of *res judicata*, collateral estoppel, release, good

13   faith settlement, judgment bar or reduction, or any other theory of claim preclusion

14   or issue preclusion or similar defense or counterclaim.

15        10.    During the course of the litigation, the Settling Parties and their

16   respective counsel at all times complied with the requirements of Federal Rule of

17   Civil Procedure 11, California Code of Civil Procedure § 128.7, and all other

18   similar laws.

19        11.    Without affecting the finality of this Judgment in any way, this Court

20   hereby retains continuing jurisdiction over the Federal Action and the parties to the

21   Stipulation to enter any further orders as may be necessary to effectuate the

22   Stipulation, the Settlement provided for therein and the provisions of this

23   Judgment.

24        12.    This Judgment is a final, appealable judgment and should be entered

25   forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil

26   Procedure.

27        13.    In the event that the settlement does not become effective in

28   accordance with the terms of the Stipulation, or the Effective Date does not occur,

1   then this Judgment shall be rendered null and void to the extent provided by and in

2   accordance with the Stipulation and shall be vacated and, in such event, all orders

3   entered and releases delivered in connection herewith shall be null and void to the

4   extent provided by and in accordance with the Stipulation and shall be vacated,

5   *nunc pro tunc*, and the provisions of ¶ 6.3 of the Stipulation shall apply.

6          14.    Without further order of the Court, the parties may agree to reasonable

7   extensions of time to carry out any of the provisions of the Stipulation.

8          15.    Judgment shall be, and hereby is, entered dismissing the Federal

9   Action with prejudice and on the merits.

10

11

12

13          IT IS SO ORDERED.

14

15

16   DATED: _____

17   _____

18                                    _____
                                      _____
                                      THE HONORABLE CORMAC J. CARNEY
                                      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

SF\775178.5