JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: COOPER COMPANIES, INC. DERIVATIVE LITIGATION | Master File:<br>Case No. SACV 06 00300 CJC (RNB)<br>[This Document Relates to All Actions]<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated February 23, 2011 ("Preliminary Approval Order"), on the application of the parties for approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement dated December 6, 2010, and the exhibits thereto (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, enters this Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the settlement, and over all parties to the Federal Action, including the Plaintiffs, the current The Cooper Companies, Inc. ("Cooper") shareholders and the Defendants.

3. The Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and settlement in all respects, and directs that the settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

5. Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Cooper) and Cooper shall have, and each Cooper

1 shareholder shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged (i) the Released Claims against the Released Persons; and (ii) any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions, against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. The Court finds that the notice given to current Cooper shareholders of the settlement, the Stipulation and the Settlement Hearing was the best notice practicable under the circumstances, and that said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. The Court hereby approves a fee award in the amount of $750,000.00 in accordance with the terms of the Stipulation, finds that such fee award is fair and reasonable, and directs said amount to be paid to Plaintiffs' Counsel as provided in the Stipulation.

9. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as a presumption, concession, admission or evidence of the validity of any Released Claim, any allegation made in the Actions, or of any wrongdoing or liability of any

of the Released Persons; or (b) is or may be deemed to be or may be used as a presumption, concession, admission or evidence of any liability, fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of the Stipulation or the settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the

extent provided by and in accordance with the Stipulation and shall be vacated, *nunc pro tunc*, and the provisions of ¶ 6.3 of the Stipulation shall apply.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. Judgment shall be, and hereby is, entered dismissing the Federal Action with prejudice and on the merits.

IT IS SO ORDERED.

DATED: May 2, 2011

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE